UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

| | |
|---|---|
| STEPHEN MCGUIRE,<br><br>        Petitioner,<br><br>v.<br><br>SAFEGUARD METALS, LLC, a California limited liability company, JEFFREY IKAHN, individually,<br><br>        Respondents. | CASE NO.  23-cv-05874-SVW-MRW |

ORDER GRANTING PETITION TO CONFIRM
ARBITRATION AWARD AND ENTERING FINAL JUDGMENT
AGAINST SAFEGUARD METALS, LLC AND JEFFREY IKAHN

**THIS MATTER** comes before the Court on the Petition/Motion to Confirm an Arbitration Award ("Petition") filed by Stephen McGuire ("Petitioner") on July 20, 2023. [Dkt 1]. The Petition seeks to confirm and enter judgment upon the arbitration consent award entered on June 26, 2023 (the "Award") by the arbitrator in the arbitration styled *Stephen McGuire v. Safeguard Metals, LLC and Jeffrey Ikahn,* American Arbitration Association Case Number 01-22-0000-6991 (the "Arbitration").

For the reasons stated herein, the Court hereby **GRANTS** the Petition and enters final judgment in favor of Petitioner.

## **FINDINGS OF FACT**

1.  On or about November 22, 2021, Petitioner filed an arbitration against Respondents with the American Arbitration Association for misrepresentations in connection with the sale of precious metals coins. On September 7, 2022, Petitioner filed an amended statement of claim. *See* Exhibit 1 to the Petition [Dkt 1-1].[1] In the Amended Statement of Claim, Petitioner alleged federal causes of action for violations of the Commodity Exchange Act, common law causes of action for fraud, negligent misrepresentation, and aiding and abetting, and statutory liability for unfair competition.

2.  The arbitration agreement is found in the Shipping and Account Agreement between Gresham and Safeguard Metals (the "Agreement"). *See* Exhibit 2 to the Petition [Dkt. 1-2].

3.  As provided in the Agreement, Petitioner can petition for confirmation of an arbitration award. *See id.* (Agreement, page 6 ("Judgment on the award rendered by the arbitrator may be entered in any court having competent jurisdiction.")).

4.  An arbitrator was appointed by the American Arbitration Association. *See* Exhibit 3 to the Petition (Letter of Appointment) [Dkt 1-3].

5. The parties initially agreed to a final hearing date beginning March 13-15, 2023. See <u>Exhibit 4</u> to the Petition (Initial Scheduling Order) [Dkt. 1-4].

6. Based on the parties' settlement, the Arbitrator entered a final award in Petitioner's favor and against Respondents on June 26, 2023. [Dkt. 1-5 and 1-6].

7. The Award awarded Petitioner the sum of (i) $183,962.00 in damages; (ii) pre-award interest of $50.40 per day accruing from November 11, 2020 to the date of the award, which totals $48,232.80; (iii) post-award interest and post-judgment interest accruing at 10% annual rate. [Dkt 1-6].

8. Petitioner filed this Petition / Motion to Confirm the Arbitration Award on July 20, 2023. [Dkt. 1]

9. Respondents were served pursuant to 9 U.S.C. § 9, and declined to appear or contest entry of final judgment based on the award. [Dkt. 13].

10. The Federal Arbitration Act (the "FAA") governs the confirmation of the Award. *See* 9 U.S.C. §§ 1, 2 and 9.

11. The Award has not been vacated under 9 U.S.C. § 10, or modified or corrected under 9 U.S.C. § 11, and the Court is aware of no basis to modify or correct the award.

---

[1] Respondent Jeffrey Ikahn was formerly known as Jeffrey Santulan, which is why the arbitration statement of claim references Mr. Santulan rather than Mr.

## DISCUSSION

12.     The FAA sets forth the procedure by which a party may seek judicial confirmation of an arbitration award. Pursuant to 9 U.S.C. § 9, "the court must grant a [petition to confirm an award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 [of the FAA]. 9 U.S.C. § 9. Absent relief from the award under sections 10 and 11 of the FAA, the award must be confirmed as a final judgment. See *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 687 (2008); *ValueSelling Associates, LLC v. Temple*, 2011 WL 2532560 (S.D.Cal. June 23, 2011).

13.     Judicial review of arbitration awards is "both limited and highly deferential" and arbitration awards must be confirmed "unless it is completely irrational" or "constitutes a manifest disregard of the law". *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d at 906; *Am. Postal Workers Union AFL-CIO v. U.S. Postal Serv.*, 682 F.2d 1280, 1284 (9th Cir. 1982); *Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009); *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1993 (9th Cir. 2004). Relief against an award is only appropriate in extreme circumstances, and neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute. See Id., at 994; *ValueSelling Associates*, 2011 WL

Ikahn.

at *3. In fact, confirmation of the award is required even in the face of erroneous findings of fact or misrepresentations of law. *French,* 784 F.2d at (9th Cir. 1986); *George Day Construction Co. v. United Brotherhood of Carpenters*, 722 F.2d 1471, 1477 (9th Cir. 1984).

14. In the instant case, Respondents have accepted service but declined to respond to the Petition / Motion to Confirm and, accordingly, have not provided any basis for granting relief under 9 U.S.C. §§ 10 and 11. *Compare Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987, 1002-3 (9th Cir. 2003); *see also, United States Life Ins. V. Superior National Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010) ("the burden of establishing grounds for vacating an arbitration award is on the party seeking to vacate the award").

15. Therefore, the Court hereby **ORDERS** that Petitioner Stephen McGuire's Petition to Confirm Arbitration Award is **GRANTED** and the Award is **CONFIRMED**. Accordingly, the Court enters **FINAL JUDGMENT** in favor of Petitioner Stephen McGuire, for $232,194.80, jointly and severally, against Respondents Safeguard Metals, LLC and Jeffrey Ikahn (fka Jeffrey Santulan).

16. Post-judgment interest on the principal amount of $183,962.00 shall accrue at the rate of 10% simple interest from June 26, 2023 until satisfied. Respondents Safeguard Metals, LLC and Jeffrey Ikahn (fka Jeffrey Santulan) are jointly and severally liable for the interest as well.

17. The Court shall retain jurisdiction for purposes of any collection or enforcement proceedings in connection with the judgment.

**DONE AND ORDERED**

**DATED:** September 28, 2023.

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE